1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11  SCHUYLER HOFFMAN, Individually        )    Civil No. 12cv414 L (NLS)
    and on Behalf of All Others Similarly )
12  Situated,                             )    **ORDER GRANTING MOTION TO**
                                          )    **DISMISS WITH PREJUDICE [doc.**
13                        Plaintiff,       )    **#17] and DIRECTING ENTRY OF**
                                          )    **JUDGMENT**
14  v.                                    )
                                          )
15  CENLAR AGENCY, INC.,                  )
                                          )
16                        Defendant.       )
                                          )
17  _____ )

18        Defendant Cenlar Agency, Inc. moves to dismiss plaintiff's[1] first amended class action

19  complaint. The motion has been fully briefed and supplemental case law has been received from

20  both parties. The Court finds this motion suitable for determination on the papers submitted and

21  without oral argument under Civil Local Rule 7.1(d)(1).

22  **A.    Background**

23        In this action, plaintiff alleges violation of California Penal Code §632; invasion of

24  privacy under California common law, and negligence in violating the common law duties not to

25  invade privacy. The allegations arise under a single phone call made by defendant to Schuyler

26  Hoffman, an attorney at Hoffman & Forde, a law firm that offers legal representation to home

27  

28  _____
          [1]     The action was filed initially by Schuyler Hoffman and Barbara Moore. Hoffman
    voluntarily dismissed the action as to himself. Thus, only Barbara Moore's claims are pending.

owners with mortgage problems. Plaintiff Moore is the secretary at the law firm who answered the phone call from defendant. Moore was not the intended recipient of the call. That portion of the phone call between Moore and Celnar was recorded without Moore being advised that the call was being recorded. Once plaintiff appropriately directed the call to Hoffman, he gave his permission for the call to be recorded.

Defendant moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Moore lacks standing to represent the putative class, and plaintiff has failed to state  a claim upon which relief may be granted because there was no reasonable expectation of confidentiality on the part of plaintiff, and California's Privacy Act is preempted by the federal Wiretap Act. The Court notes that plaintiff has no objection to the dismissal of her cause of action under California Penal Code §631. (Oppo. at 25.)

**B.     Legal Standard for Failure to State a Claim**

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party.  *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).  In fact, the court does not need to accept any legal conclusions as true.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative

12cv414

level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds).

A court also may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). Defendant argues that the recording and transcript of the phone call at issue in this action may be considered under the doctrine of incorporation by reference.

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV .P. 10(c). A document not attached to a complaint may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *See Van Buskirk*, 284 F.3d at 980. The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). For example, the doctrine of incorporation by reference may apply when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan.

12cv414

1    Here, defendant seeks to incorporate by reference the tape recording and transcript of the

2    recording made of the phone conversation between plaintiff Moore and Celnar's representative,

3    Ms Trion. The gravamen of the FAC is that defendant wrongfully recorded its telephone

4    conversation with plaintiff Moore. Because the audio copy and transcript of the recording are

5    integral to plaintiff's claims, they will be incorporated by reference and the Court will review the

6    transcript and recording in considering defendant's motion to dismiss under Federal Rule of

7    Civil Procedure 12(b)(6).

8    **C.    Discussion**

9         **1.    California Penal Code § 632**

10        California Penal Code § 630, *et seq.* is part of California's invasion of privacy statutory

11   scheme. It provides, in relevant part, that "[e]very person who, intentionally and without the

12   consent of all parties to a confidential communication, by means of any electronic . . . device . . .

13   records the confidential communication" violates the statute. CAL. PEN. CODE § 632(a).

14   Accordingly, the three elements that plaintiff must allege and ultimately prove are (1) an

15   electronic recording of (or eavesdropping on); (2) a "confidential" communication; and (3) all

16   parties did not consent. *See Flanagan v. Flanagan*, 27 Cal.4th 766, 774-76 (2002). Penal Code §

17   637.2 authorizes a private civil right of action for any violation of § 632.

18        "An actionable violation of section 632 occurs the moment the surreptitious recording is

19   made, whether it is disclosed or not. *Lieberman v. KCOP Television, Inc.*, 110 Cal. App.4th 156,

20   166 (Cal. Ct. App. 2003) (citing *Friddle v. Epstein,* 16 Cal. App. 4th 1649, 1660-1661 (1993).

21        It is undisputed that the portion of the call between Moore and defendant's representative,

22   Ms Trion, was recorded without Moore's consent. But of key importance is whether the recorded

23   communication was confidential. For purposes of § 632, a "confidential communication" is "any

24   communication carried on in circumstances as may reasonably indicate that *any party* to the

25   communication desires it to be confined to the parties thereto," but excludes communications

26   made in "any other circumstance in which the parties to the communication may reasonably

27   expect that the communication may be overheard or recorded." CAL. PENAL CODE § 632

28   (emphasis added). As the California Supreme Court found "a conversation is confidential within

1   the meaning of Section 632 'if a party to that conversation has an objectively reasonable

2   expectation that the conversation is not being overheard or recorded.'" *Faulkner v. ADT Security*

3   *Services, Inc.*, – F.3d –, 2013 WL 174368, *3 (9th Cir. 2013) (quoting *Kearney v. Salomon*

4   *Smith Barney, Inc.*, 39 Cal.4th 95, 117(2006) (quoting *Flanagan v. Flanagan*, 27 Cal.4th 766,

5   776–77(2002)). The standard of confidentiality is "an objective one defined in terms of

6   reasonableness." *Frio v. Superior Court*, 203 Cal. App.3d 1480, 1488 (1988).

7       After this matter was briefed, the Ninth Circuit issued *Faulkner* which discussed the

8   standard of confidentiality within the meaning of California's Invasion of Privacy Act.

9   *Faulkner,* 2013 WL 174368.  Faulkner contacted defendant to dispute a charge. When Faulkner

10  asked about periodic beeping sounds he was hearing, he was told that his phone conversation

11  was being recorded. He ended the conversation and called the customer service line. The

12  representative informed Faulkner of the company's policy to record all phone calls. After

13  discontinuing the second call, Faulkner filed a claim alleging violation of Section 632.

14      The district court granted defendant's motion to dismiss the complaint under Rule

15  12(b)(6) finding Faulkner had "no objectively reasonable expectation that his telephone

16  conversation with [defendant] would not be overheard or recorded." *Faulkner*, at *2 (quoting

17  *Faulkner v. ADT Sec. Servs., Inc.,* No. 11–00968, 2011 WL 1812744, at *3 (N.D. Cal. May 12,

18  2011).

19      In reviewing the district court's dismissal of the complaint, the Ninth Circuit found that

20  Faulkner's two allegations concerning the confidentiality of the phone conversation were "bald

21  legal conclusions" that did not suffice to avoid dismissal under *Iqbal*. *Faulkner,* *3. The Court of

22  Appeals noted that circumstances could arise "under which the nature of the relationship or the

23  character of the communications between a customer and a home security company could

24  plausibly constitute a confidential communication under the California statute." *Id.* But

25  sufficient detail must be alleged "about the particular relationship between the parties, and the

26  particular circumstances of the call, to lead to the plausible conclusion that an objectively

27  reasonable expectation of confidentiality would have attended such a communication." *Id.*

28  Accordingly, the Court concluded that Faulkner failed to "nudge[ ]" his claim "from conceivable

1  to plausible." *Id.* (quoting *Iqbal* at 680.)

2      The threshold question here is whether Moore, a secretary who answers the law firm's

3  phones and directs calls to the intended recipients, has alleged sufficient detail to find it plausible

4  that she had an objectively reasonable expectation of confidentiality at the time of the recording.

5  Moore argues that "[e]very consumer has the objectively reasonably [sic] expectation that their

6  conversations with businesses are not being recorded . . . ." (Oppo. at 14.) But this analysis does

7  not take into account that Moore answered the call from Cenlar, not as a consumer but rather as

8  a secretary of the law firm and transferred the call to former plaintiff Hoffman, who expressly

9  consented to the recording of the call.

10      As in *Faulkner*, Moore has failed to allege facts "about the particular relationship

11  between the parties, and the particular circumstances of the call to lead to the plausible

12  conclusion that an objectively reasonable expectation of confidentiality would have attended

13  such a communication." *Faulkner*, *3. Indeed, the recorded conversation between defendant's

14  representative and Moore, the secretary who merely directs phone calls to the intended recipient

15  at her place of employment, strongly supports that such a call would never constitute a

16  confidential communication.

17      Although the *Faulkner* court, "[i]n and abundance – perhaps an overabundance – of

18  caution" remanded the case to determine whether plaintiff could amend his complaint, this Court

19  will not permit plaintiff to again amend her complaint as to this claim. Having reviewed the

20  transcript of the recorded conversation at issue, Moore, in answering a phone call that was

21  intended to be and was directed to one of her employers, could not have an objectively

22  reasonable expectation of confidentiality in her communications that are part of her job duties.

23      Additionally, there was a valid consent for the recording by the intended parties at the

24  outset of the call. Although the California courts have not yet defined the term "outset" of a call,

25  under the statute, the parties to the call must consent to the recording. Here, a party – the

26  Hoffman & Forde law firm, the employer of plaintiff – consented to the recording at the outset

27  of the conversation. As defendant properly argues:

28          It was for the Hoffman & Forde law firm to decide whether to allow its business-

related phone call to be recorded. Moore was not free to refuse to have the call recorded thereby preventing her employer from doing its work – in other words, she has no reasonable expectation of privacy that her employer would not make the decision of whether or not to assent to the recording of the call.

(Reply at 6.)

For these reasons, plaintiff has not and cannot state a claim under Penal Code § 632 and therefore, defendant's motion to dismiss the claim will be granted with prejudice.

**2.      Common Law Invasion of Privacy**

Like plaintiff's claim under Penal Code §632, the common law cause of action for invasion of privacy is premised on the phone call plaintiff answered for her employer, Hoffman & Forde, and directed to the appropriate attorney at the firm, which was recorded without her consent.

"The elements of a claim for invasion of privacy are: (1) plaintiff had a reasonable expectation of privacy in a certain circumstance, (2) defendant intentionally intruded into that circumstance, (3) defendant's intrusion would be highly offensive to a reasonable person, (4) plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Montegna v. Yodle, Inc.*, 2012 WL 3069969 at *3 (S.D. Cal. July 27, 2012)(quoting *Hurrey–Mayer v. Wells Fargo Home Mortg., Inc.*, 2009 WL 3647632 at *3 (S.D. Cal. Nov. 4, 2009) (citation omitted). "A court determining the existence of 'offensiveness' would consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Id.* (quoting *Miller v. Nat'l Broad. Co.*, 187 Cal. App.3d 1463, 1483–84 (Cal. Ct. App. 1986).

As previously discussed, plaintiff had no reasonable expectation of privacy in answering the business phone of her employer to direct incoming calls to the appropriate recipient. Further, a recording of the brief interaction between a law firm's secretary answering the phone and directing the call to the intended recipient is not and cannot be a highly offensive intrusion to a reasonable person. Therefore, plaintiff has failed to allege any facts to show the recording of a single call that was intended to be directed to plaintiff's employer was highly offensive to a reasonable person. Finally, plaintiff has not alleged that she was harmed in any manner.

12cv414

1   Accordingly, defendant is entitled to dismissal with prejudice of plaintiff's claim for common

2   law invasion of privacy.

3       **3.   Negligence**

4       "The elements of a cause of action for negligence are: duty; breach of duty; legal cause;

5   and damages." *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (Cal. App. 2003)

6   (citations omitted). Plaintiff asserts a claim for negligence based on defendant's alleged violation

7   of "various statutory and common law duties not to engage in the aforementioned wire-tapping,

8   eavesdropping, recording, and listening conduct." (FAC, ¶ 46.)

9       Plaintiff has not identified the "various statutory and common law duties" that defendant

10  owes to plaintiff other than Penal Code § 632(a) and common law invasion of privacy. Because

11  the Court has dismissed both claims with prejudice, and plaintiff has failed to allege any facts in

12  the FAC to show that defendant owed any other duty to plaintiffs, the motion to dismiss claim

13  three for negligence will be granted.

14  **D.   Conclusion**

15      Based on the foregoing, defendant's motion to dismiss is **GRANTED IN ITS**

16  **ENTIRETY WITH PREJUDICE**. The Clerk of the Court is directed to enter judgment in

17  accordance with this Order.

18      **IT IS SO ORDERED.**

19  DATED:  March 27, 2013

20

21  M. James Lorenz
    United States District Court Judge

22  COPY TO:

23  HON. NITA L. STORMES
    UNITED STATES MAGISTRATE JUDGE

24

25  ALL PARTIES/COUNSEL

26

27

28

12cv414